817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John David HARRIS, Petitioner-Appellant,
v.
Arnold JAGO, Superintendent, Respondent-Appellee.
 No. 3190.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harris appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus. Harris was convicted of aggravated murder in an Ohio court and sentenced to life imprisonment. His conviction was upheld on appeal and in post-conviction proceedings in the Ohio courts. In these post-conviction Proceedings and in this habeas corpus action Harris maintained that he was denied a fair trial because evidence was removed from the murder scene by the coroner who refused to turn the evidence over to investigating officers. Harris has argued throughout the state and federal proceedings that he was denied a fair trial because the existence of the evidence was not made known to him prior to trial, even though he made a general request for Brady materials.
 
 
 2
 In the district court Harris presented four claims as a basis of his petition for habeas relief. First, he contended that he was denied due process because the state courts placed the burden on him to show that the evidence which he claimed was purloined and concealed was relevant and exculpatory. Second, that he was denied due process because the prosecutor had concealed evidence favorable to him. Third, that he was denied due process by the prosecutor's failure to reveal evidence that was material in impeaching a state's witness. Fourth, that he was denied due process in that the prosecutor did not provide evidence of criminal misconduct on the part of the state's chief witness.
 
 
 3
 Harris proceeded pro se in the district court and the court denied his petition without holding an evidentiary hearing. The district court concluded that petitioner's four claims presented a single argument--that he was denied a fair trial due to the prosecution's failure to reveal prior to trial evidence which the coroner had removed from the murder scene that petitioner contends would have created a reasonable doubt as to his guilt. The district court concluded that Harris had made no showing of a violation of .Brady v. Maryland, 373 U.S. 83 (1960), pointing out that the actions of the coroner could not be attributed to the prosecutor and that the prosecutor therefore did not suppress evidence favorable to Harris. In conclusion the district court held that "the weight of evidence presented at trial rendered it unlikely that the 'evidence' taken by [the coroner] would have created a reasonable doubt as to petitioner's guilt."
 
 
 4
 On appeal Harris raises a single issue composed of two parts. He contends that the district court erred in dismissing his habeas corpus petition without appointing counsel to represent him and without conducting an evidentiary hearing. Upon consideration of the briefs and oral arguments of counsel, Harris being represented in this court by the Federal Defender, the court concludes that the district court erred in dismissing the petition without appointing counsel and conducting an evidentiary hearing. In view of the unlawful conduct of the coroner and the fact that Harris was required to carry the burden of showing the exculpatory nature of evidence he had never seen because of the coroner's misconduct, we conclude there was sufficient showing of a due process violation to require the appointment of counsel and an evidentiary hearing before the district court finally ruled on the petition for a writ of habeas corpus.
 
 
 5
 The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.